## BODGE *v.* FOSS.

The town of Gilmanton was divided by an act of the legislature passed June 28, 1859, and two new towns were constituted out of its territory, the act taking effect upon its passage and containing no provision for regulating or administering the affairs of the old town or the new towns, until the latter should organize and elect their officers:—whether in such case the old officers did not hold over, and were not authorized to act until new ones were elected and qualified in the new towns, *quære?*

During the period between the passage of the act of division and the organization of the new towns, the old officers acted, jurors were drawn, who attended court, and the acting town-clerk seasonably made return of his doings upon the venire, to the court.—*Held,* that an objection for that cause, to a juror thus drawn, if not made until after verdict, must be considered as having been waived because not seasonably made.

ASSUMPSIT upon a promissory note. The jury returned a verdict for the defendants, which the plaintiff moved the court to set aside, because Joseph Morrill, the juror upon the panel from the town of Gilmanton, was not legally and duly appointed. No objection was made to the juror until after verdict, and the question thus raised was transferred to this court. The facts sufficiently appear in the opinion of the court.

*Clark,* for the plaintiff.

*Whipple* and *Bellows,* for the defendants.

SARGENT, J.* The act of June 28, 1859, dividing the town of Gilmanton, took effect from its passage. No provision is made in said act for governing, or in any way regulating or administering the affairs of said town or towns, from the time said act took effect until the new towns should organize and elect their officers. But it appears by the case that the new towns were not organized, by the election of their town officers, until August 6, 1859, and that in the meantime, on the 6th of July, the clerk of

* BELLOWS, J., having been of counsel, did not sit.

the court issued a venire to the town-clerk of Gilmanton, for the selection of jurors; that the town-clerk appointed and notified a meeting for that purpose on the 26th of July, at which time the jurors were drawn; that they were duly notified, and attended the court held upon the third Tuesday of August, 1859, at Gilford, in said county.   The town-clerk and selectmen of the old town of Gilmanton acted, in drawing the jurors, as though the new law had not been passed, and the clerk made return of his doings upon the venire to said court, at the commencement of the term.   One of these jurymen sat upon the trial of this cause, and no objection was made to him till after verdict, when a motion was made to set the verdict aside, and for a new trial, upon the ground that said juror was not duly and legally appointed.

In settling the question raised in this case it does not become material to decide whether the town-clerk and selectmen of Gilmanton, after the act of June 28, dividing the town, had any powers, for any purpose, until the new towns were organized, or whether their powers and duties ceased with the passage of that act, and there was a kind of interregnum from that time until the organization of the new towns, August 6.   If this were material it might be pertinent to inquire whether, after the passage of the law of June 28, the office of town-clerk was vacant, so that parties making a mortgage of personal property in the old town had no place to get the same recorded; or that an officer serving a writ of mesne process could make no attachment of real estate in said town, because there was no clerk at whose dwelling-house he could leave a copy of his writ and return; and whether, if a pauper were sick and suffering for aid, it would not have been the duty of the old board of selectmen to have relieved him.   A great variety of such considerations might suggest the propriety of holding that the old officers held

over, and were authorized to act in these matters until new ones were elected and qualified in the new towns.

But it is enough for this case that the facts were properly returned by the person who had acted as town-clerk, upon the venire, and all parties had or could have had access to the same at any time during the term; and this plaintiff and his counsel might have examined said return before the trial, and have seasonably made his objection to the juror before trial, so as to have had his place supplied by another. And having omitted to take his objection seasonably, so that the same might have been obviated in that way, the plaintiff must be considered as having waived it. *Amherst* v. *Hadley*, 1 Pick. 38; *State* v. *Haskell*, 6 N. H. 352; *Wilcox* v. *School District*, 26 N. H. 303.

The exception is overruled, and there must be

*Judgment on the verdict.*

